1

2

3

4                                  UNITED STATES DISTRICT COURT

5                                NORTHERN DISTRICT OF CALIFORNIA

6

7    THOMAS LEE FRITZ,                          Case No.  15-cv-00645-DMR (PR)

                   Petitioner,                  **ORDER REGARDING PETITIONER'S**
8                                               ***IN FORMA PAUPERIS* MOTION;**
     v.                                         **DENYING HIS MOTION FOR**
9                                               **CONTINUANCE; AND DISMISSING**
     UNITED STATES OF AMERICA,                  **PETITION WITH LEAVE TO AMEND**
10
                   Respondent.
11

12          Petitioner Thomas Lee Fritz has filed a *pro se* petition for a writ of habeas corpus on a

13   form indicating it was filed under 28 U.S.C. § 2254.  Petitioner has also filed a motion for leave to

14   proceed *in forma pauperis*.  Dkt. 6.  In addition, he has filed a motion entitled, "Motion for a

15   Continuance [sic]."  Dkt. 7.

16          This action has been assigned to the undersigned Magistrate Judge.

17          Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may

18   conduct all proceedings in a case, including entry of judgment.  Appeal will be directly to the

19   United States Court of Appeals for the Ninth Circuit.  *See* 28 U.S.C. § 636(c)(3).

20          On March 17, 2015, Petitioner consented to magistrate judge jurisdiction in this matter.

21   Dkt. 5.

22   **I.     BACKGROUND**

23          According to the allegations in the petition, Petitioner is currently in custody at the

24   Elmwood Correctional Complex in Milpitas, California.  Dkt. 1 at 2.  However, he claims to be

25   challenging a conviction and sentence imposed by a *federal* court in Texas.  *Id.*  He alleges he is

26   serving a fourteen-month sentence ("time served long ago") and "1-3 years [of ] probation" for an

27   alleged "false conviction" of possession of obscene visual representations of the sexual abuse of

28   children in violation of 18 U.S.C. § 1466A(b).  *Id.*  Petitioner does not indicate any dates relating

United States District Court
Northern District of California

to his federal sentence.  A search of the court's Public Access to Court Electronic Records ("PACER") system has revealed that Petitioner's aforementioned federal conviction stemmed from an offense which ended in "November 2012," resulting in a guilty plea on November 13, 2013 and his re-sentencing on March 6, 2014.  *See* Dkt. 105 in United States District Court for the Western Division of Texas Case No. SA-12-CR-1082(1)-OLG.  Petitioner claims that he has served fifteen months of probation with "no infractions, no 'dirty' samples" and that he has been a "poster boy for [a] model probationer."  *Id.* at 6.  He adds that he has served "27 months of solid incarceration," which is "well beyond the Judge[']s original order."  *Id.*  Petitioner asks for "termination of probation."  *Id.*

As mentioned above, Petitioner has also filed a "Motion for a Continuance [sic]," in which he indicates that he is facing criminal charges in California.  Dkt. 7 at 1.  Petitioner claims that his California case, C 1361775, "should be in April 13, 2015, et seq." but he fails to elaborate what this means.  Petitioner states that in his California case, he "will be using all evidence, in defense which the FBI & Federal Prosecutor's Office, knew about in December 2012."  *Id.*  Petitioner adds that he "expect[s] not only to be found 'not guilty' but a landslide victory against the D.A. of Santa Clara County . . . proving [his] innocence, and the Federal Prosecutor[']s Office[']s  gross misconduct of the power entrusted by the people."  *Id.*  Petitioner requests a continuance in order to "give the criminal court of California a chance to exonerate [him], and to get a certified copy of their transcripts as evidence."  *Id.* at 2.  The court DENIES Petitioner's motion for a continuance as it is unclear whether his pending California case has any bearing on the instant petition, which challenges his federal sentence.  As further explained below, the court will direct Petitioner to file an amended petition.

In the instant petition, Petitioner does not specify exactly what charges he faces in California.  However, the court notes that in a previously-filed habeas action, Petitioner had indicated that he pleaded "not guilty" to multiple charges, including violations of the following sections from the California Penal Code: § 269 (Aggravated Sexual Assault of a Child); § 288(b)(1) (Lewd or Lascivious Acts on a Child By Use of Force); §288.2(b) (Harmful Matter Sent With Intent of Seduction of Minor); and §311.11(a) (Possession or Control of Matter

2

Depicting Minor Engaging or Simulating Sexual Conduct).  *See* Dkt. 1 in Case No. 14-4216 DMR (PR) at 2.  Because Petitioner stated that he had a state habeas petition still pending before the state superior court at that time, his previously-filed petition appeared to be unexhausted for purposes of federal habeas corpus review.  Therefore, the court dismissed his previously-filed petition with leave to amend for Petitioner to file an amended petition which clarified the nature and exhaustion status of all claims which he sought to raise in his federal petition.  Dkt. 5 in Case No. 14-4216 DMR (PR).  Because Petitioner failed to file a timely amended petition, his previous action was dismissed without prejudice for failure to prosecute.  Dkt. 7 in Case No. 14-4216 DMR (PR).

## II.    DISCUSSION

The court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243; *see* Rule 4, Rules Governing Section 2254 Cases.  Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

If Petitioner intends to proceed with the above-titled action he must file an amended petition, as the court is unable to conclude from the allegations in the instant petition whether he states cognizable claims for habeas corpus relief.  Specifically, Petitioner has not provided, either in the spaces designated on the petition form, or in any attachments thereto, more specific facts regarding his case.  In addition, Petitioner seems to be challenging his *federal* conviction under 28 U.S.C. § 2254 instead of indicating that it was filed under either 28 U.S.C. § 2241 or 28 U.S.C. § 2255.

The plain text of 28 U.S.C. § 2241 and 28 U.S.C. § 2254 are similar.  *White v. Lambert*,

370 F.3d 1002, 1005-06 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).  Section 2241 authorizes "a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Id.* at 1006 (citing 28 U.S.C. §§ 2241(a) and (c)(3)).  As explained above, the relevant subsection of 28 U.S.C. § 2254 authorizes a district court to issue "'a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a *State court* . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Id.* (citing 28 U.S.C. § 2254(a)) (emphasis added).  Section 2254 implements "the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction."  *Id.* (emphasis in original).

Meanwhile, a prisoner in custody under sentence of a *federal* court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence.  *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988).  Only the sentencing court has jurisdiction.  *See id.* at 1163.  A prisoner may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion); *Tripati*, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via § 2255 motion); *see also United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (where

---

[1] There is an exception to this general bar: A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "'inadequate or ineffective to test the legality of [his] detention.'"  *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  *See id.*  For example, the remedy under § 2255 generally will not be inadequate or ineffective due to delay in considering a motion under § 2255, *see id.* at 299 (district court's delay in considering § 2255 motion until direct appeals are resolved does not make § 2255 motion inadequate or ineffective), or mere fact that a previous § 2255 motion was denied, *see Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63.

United States District Court
Northern District of California

United States District Court
Northern District of California

challenge is to alleged errors at or prior to sentencing remedy is § 2255 motion, not § 2241 writ).

Here, Petitioner makes reference to *both* his federal conviction and his pending California charges.  The court had to resort to gathering more information by conducting a search on PACER for his federal conviction, and by reviewing his previously-filed petition for his California charges. The court also assumes that if Petitioner was on probation for his federal conviction while facing pending charges in California, then he may also be facing violation of probation charges. However, Petitioner makes no mention of allegations of probation violation in the instant petition. Further, Petitioner states he has been incarcerated for "27 months," but he does not specify whether he is in custody pursuant to his federal sentence, his pending California charges, or both. The court notes that instead of naming the warden or sheriff in charge of his place of incarceration as the Respondent in this action, Petitioner has named the "United States of America."  Dkt. 1 at 1. Finally, Petitioner has not indicated whether he exhausted appropriate judicial and/or administrative remedies before filing the instant petition.  Consequently, the petition fails to set forth sufficient information for the court to discern whether jurisdiction and venue are proper in the United States District Court for the Northern District of California, let alone for the court to order any named respondent to show cause.  *See Hendricks*, 908 F.2d at 491-92 (holding petitioner must state claims with sufficient specificity to enable respondent to prepare a response).

Moreover, it is unclear whether Petitioner intends to file a motion under § 2255, or a petition under § 2241 or § 2254.  If Petitioner had intended to request the termination of his *federal* probation, then it would seem that he should have filed a motion under § 2255.  Petitioner may not seek habeas relief from this court under § 2255.  He may seek relief under § 2255 only in the sentencing court, i.e., United States District Court for the Western Division of Texas.  The § 2255 motion must include the caption and case number used in his criminal case, Case No. SA-12-CR-1082(1)-OLG.  If instead Petitioner seeks to challenge the execution of his federal sentence, he may do so by filing the enclosed form for a petition under 28 U.S.C. § 2241.  Finally, if Petitioner wishes to challenge any resulting conviction in Santa Clara County stemming from his California case, then he must file a new petition under § 2254 in a separate action but *only after* exhausting his state court remedies.

5

In sum, Petitioner will be given leave to file an amended petition to correct the deficiencies noted above. Depending on how Petitioner wishes to proceed, he must complete the proper form in its entirety and provide all of the information required therein. The amended petition supersedes the initial petition and may not incorporate any part of it by reference. Petitioner must include in the amended petition all the claims he wishes to present, and any attachments he wishes the court to consider. If Petitioner fails to timely amend the petition as ordered herein, the petition will be dismissed without prejudice.

## III.    CONCLUSION

For the foregoing reasons, the court orders as follows:

1.    Petitioner's *in forma pauperis* application is DENIED because he has more than sufficient funds to pay the filing fee. Dkt. 6. Petitioner must pay the $5.00 filing fee for this habeas action no later than **twenty-eight (28) days** of the date of this Order. **The failure to pay the filing fee within the twenty-eight-day deadline will result in dismissal of this action without prejudice.**

2.    Petitioner's "Motion for a Continueance [sic]" is DENIED. Dkt. 7.

3.    The petition is DISMISSED with leave to amend. The amended pleading must be simple and concise. Petitioner shall write the correct caption and case number for this action— Case No. C 15-0645 DMR (PR)—on the form, and clearly label it "Amended Petition." Petitioner may file an amended petition, as set forth above, no later than **twenty-eight (28) days** of the date of this Order. **The failure to do so will result in the dismissal of this petition without prejudice and without further leave to amend.**

4.    Petitioner may use one of the enclosed forms, completed in full. As explained above, he may either: (a) seek relief under § 2255 in United States District Court for the Western Division of Texas and include the caption and case number used in his criminal case, Case No. SA-12-CR-1082(1)-OLG; (b) challenge the execution of his federal sentence by filing the enclosed form for a petition under 28 U.S.C. § 2241; or (c) challenge any resulting conviction in Santa Clara County stemming from his California case by filing a new petition under § 2254 in a separate action but *only after* exhausting his state court remedies.

United States District Court
Northern District of California

5.     It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6.     The Clerk of the Court shall send Petitioner blank forms for the following: a § 2255 motion, a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and petition for a writ of habeas corpus under 28 U.S.C. § 2254.

7.     This Order terminates Docket Nos. 6 and 7.

IT IS SO ORDERED.

Dated:   4/17/2015

_____

DONNA M. RYU
United States Magistrate Judge

United States District Court
Northern District of California